Judge Owsley
delivered the opinion of the court.
This writ of error is brought to reverse a judgment rendered against the plaintiffs in error as merchants and partners, trading under the firm and style of Timberlake and Spears, in an action of assumpsit, brought against them in the court below by the defendants in error, as merchants, trading under the style and firm of Toland and Son.
The trial was had in that court on the general issue, and after the plaintiffs there had introduced and gone through evidence tending to prove the partnership of the defendants, and the justice of the demand against them, the counsel of the defendants, after producing and reading in evidence an article of dissolution of the co-partnership between them, of a prior date to that of the contract upon which this suit was founded, but without proving by any other evidence when it was executed, moved the court to instruct the jury, that, under the circumstances of this case, t.he confessions of the defendant, Timberlake, was not legal evidence to charge the defendant Spears as his former partner: and further, that the defendant Spears, was not under the circumstances of the case, bound as the partner of Timberlake; and also to instruct the jury that the plaintiffs had po right in law, according to tbs rules of evidence, <o recover in the present action; but the court overruled the *204 piotion, and the defendants having excepted, spread all the evidence, introduced by both parties, upon the record.
Vartnersin trade who continue to in tVie"b|l'ame of the firm, andareosten-are bound by the contracts ^privl'te^ar-tickoí'di¡KP-lution may teredintobe-tween them,
*204 Whether the confessions of Timberlake were competent to charge Spears with the plaintiffs’ demand, turns upon the sufficiency of the evidence introduced in the cause, to shew that previous to .those confessions being made, the partnership of Timberlake and Spears had been actually dissolved; for if, as was decided in the case of Walker and Duberry, at this term, the partnership between them had been previously dissolved, no confessions of Timberlake, thereafter made, could subject Spears to trie payment of Toland’s demand; but if a partnership still existed between them, as in that case each would be liable for the acts of the other, it is plain that Spears might be made chargeabl^ upon Timberlake’s confessions.
In deciding, therefore, upon that branch of the motion which asked an instruction to the jury, that the confessions of Timberlake were not legal evidence to charge Spears, it became material for the court below to enquire, and it is proper that this court in reversing that decision, should now enquire, whether, from the evidence introduced, a partnership existed when these confessions were made. Let it not be said that, as this enquiry involves a decision upon the evidence in relation to an existing state of facts, it ought regularly to be made by the jury and not by the court; for as the competency of evidence must be decided upon by the court, the court may, most clearly, decide upon any evidence in relation to facts necessarily involved in the question of competency. The court may, no doubt, waive a decision of those facts, and leave them to the consideration of the jury; and in that point of view the court below may have correctly refused to give the instructions to the jury.
But assuming that court, in overruling the motion, to have decided upon the evidence in relation to an existence 0p the partnership, we have -no doubt the instructions wen' properly withheld. For although an article of prior date. dissolving the partnership between Timberlake and Spears, was introduced, yet as from the evidence in the cause, those subsequent to the date of that article, and at the time the contract was made upon which this suit is founded, by their dealings with others, and in other respects held out an ‘^ea to world of their being partners, in the absence of any other evidence conducing to the *205 had been previously dissolved, the court correctly held the confessions of Timberlake legal evidence. .
. And if those confessions were admissible, there is no doubt but, in connection with the other evidence introduced, the plaintiffs in that court manifested very satisfactorily a good cause of action, and the court consequently properly overruled the application of the defendants there, for the other instructions to the jury.
With respect to the other points in the cause, they are clearly untenable.
The judgment must therefore be affirmed with cost and damages.